Pliscott, et al. *v.* Dumble, et al.

Argued May 10, 1973, before Judges KRAMER, MEN-
CER and BLATT, sitting as a panel of three.

*J. P. Harris, Jr.,* for appellants.

*Theodore L. Krohn,* for appellee.

OPINION BY JUDGE KRAMER, June 20, 1973:

This is an appeal by Ernest C. Pliscott and Aetna
Casualty and Surety Company (hereinafter Pliscott)
from an order of the Workmen's Compensation Appeal
Board (Board) dated November 29, 1972. The adjudi-
cation appealed from dismisses Pliscott's appeal, and
affirms the referee's order wherein Thomas Dumble's
(Dumble) petition to set aside a Final Receipt was
granted.

Dumble was an electrician in Pliscott's employ. On
June 16, 1965, while in the course of his usual employ-
ment, Dumble received an electrical shock and fell from
a ladder. Dumble sustained injuries as a result of the
fall, including injuries to the neck and head. Due to

the accident in question, Dumble was totally disabled. He received compensation pursuant to an initial and two supplemental agreements for the time periods that follow: June 16, 1965 through September 1, 1965; June 7, 1966 through September 16, 1966. On September 20, 1966, Pliscott filed a petition to terminate compensation on the basis that Dumble had fully recovered. This petition never culminated in a hearing for Dumble executed a Final Receipt on November 4, 1968. The Final Receipt indicated that September 16, 1966 was the last date for which compensation was to be paid. Dumble received compensation on or about October 6, 1966 for the period ending on September 16, 1966. Contemporaneously with the execution of the Final Receipt, Dumble was reimbursed $1,172.50 for medical and hospital expenses. This payment was covered by an extramedical insurance policy beyond that required by statute.

On February 18, 1970, Dumble filed a Petition to Set Aside Final Receipt. A hearing was held on November 12, 1971; after which, the referee found for Dumble. Pliscott appealed to the Board. The Board affirmed the referee and Pliscott appealed to this Court.

Pliscott raises two issues on appeal: (1) that Dumble's petition was not timely filed; and (2) that Dumble did not conclusively prove that all disability due to the accident in fact had not terminated. All parties agree that Section 434 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended (as of February 28, 1956, P. L. 1120), 77 P.S. §1001, is the operative and controlling section of law. Section 434 provides: "A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or a referee designated by the

board, may, *at any time within two years from the date to which payments have been made,* set aside a final receipt, upon petition filed with the board, if it be *conclusively proved* that all disability due to the accident in fact had not terminated." (Emphasis added.)

The cases have established that the claimant must meet his burden of conclusive proof with clear and convincing evidence. *See Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972). Furthermore, our scope of review in workmen's compensation cases when the party bearing the burden of proof has been victorious below is limited to determining whether the Board has committed an error of law, and whether there is substantial evidence to support the findings and conclusions of the Board. *See Nash v. Sandnes' Sons, Inc.,* 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972) ; *Bambrick v. Asten Hill Manufacturing Company,* 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972).

In his first contention, Priscott alleges that Dumble had two years from the last date on which workmen's compensation benefits, required by the statute, were paid in which to file his petition. Pliscott contends that October 6, 1966, was the last date on which compensation was paid for the period ending September 16, 1966, as indicated in the Final Receipt. Consequently, Pliscott argues that the Board and referee committed an error of law when they concluded that the payment of medical bills at the time of the execution of the Final Receipt constituted the payment of compensation. Dumble, on the other hand, urges that the payment of medical bills should be deemed the payment of compensation, and that in any event, the date of the Final Receipt should control the beginning of the two-year limitation.

As we have already noted, the medical bills in question were not paid pursuant to the Workmen's Compensation Act. Instead, they were paid pursuant to a

contractual agreement, as found in an extra medical endorsement to Pliscott's compensation insurance policy. In any event, the case law supports Pliscott's position. In *Dennis v. E. J. Lavino & Company*, 203 Pa. Superior Ct. 357, 201 A. 2d 276 (1964), the court stated: "The appellant argues further that the payment of medical expenses by the insurance carrier tolled the statute of limitations. Payment for medical or hospital services do not constitute a payment of compensation, and do not toll the statute of limitations. . . .

"The rule that medical payments do not toll the statute of limitations was established by the Supreme Court on the basis of the statute. It is a sound rule with beneficial results. It should not be changed, but even if we were to think otherwise, we would be presumptuous to attempt to change a rule so firmly established by the Supreme Court." (Citations omitted.) 203 Pa. Superior Ct. at 362, 363, 201 A. 2d at 279.

We also do not agree with Dumble's alternative suggestion, i.e., that the date of the Final Receipt should control. Section 434 of the Act is clear and unambiguous; and while we acknowledge that the Workmen's Compensation Act is remedial in nature and is to be liberally construed, it would be improper for us to ignore the clear and precise language of the Legislature. We are further guided by Section 1921 of the Statutory Construction Act of 1972, Act of November 25, 1970, P. L. 707, as amended by the Act of December 6, 1972, P. L.     , No. 290, 1 Pa. S. §1921, which provides in pertinent part: "(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *See Crimi v. Supreme Clothes, Inc.*, 26 Pa. D. & C. 2d 578 (1961); *Silsley v. Pittsburgh Coal Company*, 58 Pa. D. & C. 602 (1947). Section 434 clearly provides that the date of payment, and not the date of the final receipt, should control.

Therefore, in light of our determination that the payment of medical bills by Pliscott was not a payment of compensation, we conclude that the Board was in error, and that Dumble's petition was not timely filed.

Having determined that Dumble's petition was not timely, it is unnecessary for us to discuss Pliscott's second contention mentioned above. We therefore

### ORDER

AND Now, this 20th day of June, 1973, the Order of the Workmen's Compensation Appeal Board, dated November 29, 1972, is hereby set aside, and it is hereby ordered that judgment be entered in favor of Ernest C. Pliscott and Aetna Casualty & Surety Company.