13 Pa. Commonwealth Ct. 126 (1974)
Victoria Lee Maciupa, Appellant,
v.
Union Switch & Signal and Workmen's Compensation Appeal Board, Appellees.
No. 918 C.D. 1973.
Commonwealth Court of Pennsylvania.
Argued January 10, 1974.
April 17, 1974.
*127 Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.
Thomas P. Geer, for appellant.
Thomas J. Ferris, with him Clem R. Kyle, for appellee.
OPINION BY JUDGE BLATT, April 17, 1974:
On September 18, 1970, Victoria Lee Maciupa (claimant) suffered a compensable injury to her left index finger, and soon thereafter she entered into a compensation agreement with her employer, Union Switch & Signal (Union). On October 5, 1970, she signed a final receipt and returned to work. Being apparently *128 unable to perform her old job of assembly work, because that task required the use of two hands, she was given work which required only the use of her right hand. On October 23, 1970, however, she claims that she was assigned by her supervisor to a job which she could not perform, because the injury to her finger made it impossible for her to use her left hand, so she left her job. She was subsequently able to get other work at lower paying jobs, where it was not necessary to use her left hand. The claimant then sought to have the final receipt she had signed set aside and asked for the reinstatement of her compensation payments.
Following a hearing, a referee determined that the claimant was still disabled and was consequently entitled to the reinstatement of compensation payments. On Union's appeal, the Workmen's Compensation Appeal Board (Board) held that it had "absolutely no question from the evidence in this case that all disability had not terminated" on the date the final receipt was signed, but held further that the determination of the extent of disability required medical testimony and remanded the matter to the referee for the purpose of taking such testimony. The claimant has now appealed to this Court.[1]
*129 Our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. Jessop Steel Company v. Workmen's Compensation Appeal Board and Okey Miller, 10 Pa. Commonwealth Ct. 186, 309 A. 2d 86 (1973). And where, as here, the Board has taken no additional evidence and the referee has found in favor of the party carrying the burden of proof, we must rely on the facts as found by the referee if they are supported by sufficient competent evidence. Universal Cyclops Steel Corporation v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).
The method by which a final receipt may be set aside is set out in Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1001, which, at the time the final receipt herein was signed, read as follows: "A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or a referee designated by the board, may, at any time within two years from the date to which payments have been made, set aside a final receipt, upon petition filed with the board, if it be conclusively proved that all disability due to the accident in fact had not terminated."
When attempting to set aside a final receipt the claimant must meet his burden of conclusive proof with clear and convincing evidence. Pliscott v. Dumble, 9 Pa. Commonwealth Ct. 292, 305 A. 2d 918 (1973). If the claimant does carry his burden and succeeds in having the final receipt set aside, the effect is to revive the compensation agreement automatically and to restore *130 the parties to the position they would have been in if the receipt had never been signed. The issue then becomes the extent of the claimant's disability, and the burden of showing that such has been reduced from that payable under the compensation agreement is upon the defendant. Hite v. Rockhill Coal Company, 151 Pa. Superior Ct. 284, 30 A. 2d 212 (1943); Artac v. Union Collieries Company, 149 Pa. Superior Ct. 449, 27 A. 2d 782 (1942). Also, cf. Schneider v. Sears, Roebuck and Co., 206 Pa. Superior Ct. 282, 213 A. 2d 83 (1965).
Upon a review of the record, it appears clear to us that the referee and the Board did not err in finding that the claimant had conclusively proved that her disability resulting from the accident had not terminated at the time the final receipt was signed. The burden then shifted to Union to demonstrate that the claimant's disability had in fact decreased, but Union failed to meet such burden. Medical testimony was not essential for the claimant to carry her burden under the particular circumstances of this case but it would certainly have been helpful to Union in carrying its burden. When Union failed to introduce such evidence before the referee, however, it was not within the province of the Board to remand the case for the purpose of giving Union another opportunity to introduce it. The Board does state that the referee had refused to permit Union to present any medical testimony, and, if that were true, a remand would certainly have been in order. A careful review of the testimony before the referee does show, however, that Union was never refused the right to introduce medical testimony and the only reference thereto centered around the issue of whether or not the introduction of such evidence was necessary for the claimant to meet her burden of proof.
We note the additional challenges which Union has made to the referee's findings of fact, but, although *131 there is some error on minor points, those findings of fact which are material are supported by substantial competent evidence. As to the issue of the claimant's wages, we note that the compensation agreement contained a figure from which benefits were determined, but it did not include the claimant's average weekly wage. If no additional evidence on this subject had been introduced, this original wage figure would have been the one used. But the claimant did introduce sufficient competent evidence to establish her average weekly wage pursuant to Section 309 of the Workmen's Compensation Act, 77 P.S. § 582.
For the above reasons, therefore, we issue the following

ORDER
Now, April 17, 1974, we enter judgment in favor of Victoria Lee Maciupa and against Union Switch & Signal and/or its insurance carrier, Liberty Mutual Insurance Company, for compensation at the rate of $60.00 per week for the period October 24, 1970 to August 22, 1971, and thereafter at the rate of $45.00 per week until changed pursuant to the provisions of the Workmen's Compensation Act, with legal interest on all deferred payments.
NOTES
[1] Union has filed herein a motion to quash the appeal because the Board's order was interlocutory. We might be predisposed to grant this motion on the basis of Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board and Hruneni, 12 Pa. Commonwealth Ct. 380, 316 A. 2d 151 (1974) and Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board and Battistone, 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973). In its brief, however, Union indicates that it has apparently abandoned its motion because it therein states that its "argument is made with a view to persuade this Honorable Court to adjudicate this matter on the merits." Because of the apparent positions of the parties hereto, and because this matter might well come within the exception established in Wilder v. Jones & Laughlin Steel Corporation, 8 Pa. Commonwealth Ct. 505, 303 A. 2d 537 (1973), we shall not quash the appeal.