Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Jack Sullenberger *v.* Page Steel & Wire Division, Appellant.

Argued May 9, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Richard G. Jewell*, with him *Wayman, Irvin, Trushel & McAuley*, for appellant.

*Leonard P. Kane, Jr.*, with him *Brandt, McManus, Brandt* and *Malone*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 23, 1975:

This is a direct administrative appeal from an order of the Workmen's Compensation Appeal Board affirming the setting aside of a final receipt by a referee and reinstating compensation for total and partial disability under a prior compensation agreement. The question raised here is whether there is substantial evidence to support a finding that appellee's back disability had not, in fact, terminated when the final receipt was executed.

On February 16, 1967, Jack Sullenberger (Appellee) sustained an injury in the course of his employment with Page Steel and Wire Division (Appellant). The compensation agreement entered into by the parties on March 2, 1967 described the accident and nature of Appellee's injury as follows: "While climbing wall to get out of pit, cable snapped and employee fell 5 feet striking leg against

rail of track. Contusion and abrasion left leg." On this same date, Appellee executed a final receipt covering this accident, and Appellee thereafter returned to work although at diminished earnings. He was eventually laid off when the light work he was performing for Appellant since the accident was no longer available. On June 6, 1968, Appellee filed the instant petition to set aside a final receipt and a petition to review the March 2, 1967 compensation agreement on the ground that he continued to suffer from a back injury allegedly suffered in the February 16, 1967 accident.[1] After six hearings spanning over three years, the referee granted both petitions and reinstated compensation. The Workmen's Compensation Appeal Board affirmed without taking additional evidence, and we similarly affirm.

In an action to set aside a final receipt under Section 434 of the Pennsylvania Workmen's Compensation Act,[2] the burden is upon the claimant to prove conclusively that all disability from the accident had not, in fact, terminated when the final receipt was executed, and this burden must be met with clear and convincing evidence. *Universal Cyclops v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 375, 320 A. 2d 449 (1974) ; *Maciupa v. Union Switch and Signal,* 13 Pa.

---

1. Appellee filed the review petition to modify the compensation agreement to permit disability payments for the previously uncovered back injury. Appellant also contends on this appeal that the findings that Appellee remains partially disabled by the injuries sustained in the February 16th accident is unsupported by substantial evidence. As both petitions depend upon the same evidence of the occurrence of a back injury in the accident in question and its residual effect, we will refer to the supportive evidence singularly.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001 (Supp. 1974-1975). This provision has since been amended by the Act of April 4, 1974, P.L.    , No. 56 and the Act of December 5, 1974, P.L.    , No. 263, neither of which affect the outcome of this case.

Commonwealth Ct. 126, 317 A. 2d 901 (1974). As Appellee was found to have carried this burden by the referee, our evidentiary review is for substantial evidence in support of the referee's findings. *Climax Molybdenum Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 249, 325 A. 2d 822 (1974).

Appellant does not seriously argue that Appellee is not at least partially disabled as the result of a chronic lumbosacral strain. Appellee's medical expert testified by deposition that this condition resulted from a pre-existing spondylolisthetic condition which was precipitated to a disabling state by the trauma experienced in the fall, and which condition resulted in a slower healing process. Additionally, Appellant's plant physician diagnosed the condition as a right sacroiliac strain as of March 30, 1967 for which he prescribed muscle relaxants. Although Appellant presented the report of a second physician who was of the opinion that Appellee suffered no residual disability from the accident, it was certainly within the prerogative of the fact finder to reject this latter diagnosis. *See Reed v. Glidden Co.,* 13 Pa. Commonwealth Ct. 343, 318 A. 2d 376 (1974). Rather, Appellant contends that Appellee failed to conclusively prove that he sustained a back injury as a result of the February 16, 1967 accident. Appellee, however, testified that his back was injured in the fall when it struck a railroad track, and this evidence was corroborated by a co-worker who testified that when he helped Appellee from the pit he complained of back pain and the witness personally observed fresh abrasions upon Appellee's lower back. Appellant builds its case on the assertion that Appellee never mentioned the back pain to the plant physician immediately after the accident, but this was refuted by Appellee's testimony and a notation by the company nurse that Appellee had called the day after the accident and complained of "twinge(s) in his back." The resolution of this conflict in the testimony and determination

of the credibility of the witnesses was for the referee, and not the Board or this Court.

Consistent with the foregoing, we enter the following

ORDER

AND NOW, this 23rd day of July, 1975, the appeal is dismissed, and Page Steel and Wire Division, and/or its insurance carrier, American Mutual Liability Insurance Company, is directed to pay Jack Sullenberger the following partial disability compensation for the following periods:

| | |
|---|---|
| 3-2-67 to 6-3-67 | $187.72 |
| 6-3-67 to 9-2-67 | 525.20 |
| 9-2-67 to 12-2-67 | 261.82 |
| 12-2-67 to 3-2-68 | 312.52 |
| 3-2-68 to 6-1-68 | 213.20 |
| 6-1-68 to 9-1-68 | 120.90 |
| 9-1-68 to 12-30-68 | 552.50 |
| 12-30-68 to 4-1-69 | 552.50 |
| 4-1-69 to 5-16-69 | 273.21 |

for a total of $2,999.54. It is further ordered that compensation for total disability at the rate of $52.50 per week be paid from May 16, 1969 to, but not including October 29, 1972, and $42.50 per week in maximum partial disabilities benefits from October 29, 1972 to but not including July 2, 1973. All deferred installments of the above mentioned benefits shall bear interest at the rate of six per cent (6%) per annum, all within the limits of the Pennsylvania Workmen's Compensation Act.

Appellants are further ordered to pay the outstanding balance of the bill of Dr. C. Ramaswang in the amount of $87.50 and to reimburse claimant in the amount of $10.00 paid on this physician's bill.