Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Joseph H. Kelly, Appellees, *v.* Westinghouse Electric Corporation, Appellant.

Argued March 6, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Robert C. Jones,* with him *Jones, Gregg, Creehan and Gerace,* for appellant.

*Carl B. Fried,* with him *Henry J. Mahady* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, September 5, 1975:

This workmen's compensation appeal arises out of an injury sustained by Joseph H. Kelly, the claimant, when he slipped and fell while at work on January 4, 1968. The fall resulted in a comminuted fracture of the right arm near the shoulder. The claimant and his employer, the Westinghouse Electric Corporation, entered into a compensation agreement for total disability at a rate of $52.50 per week. In October of 1968 he executed a final receipt effecting a termination of benefits as of October 6, 1968. He did not, however, return to work at that time but apparently elected to retire instead, applying for and receiving a company pension in the amount of $116.00 per month which was later increased to $126.66 per month. On March 27, 1969 the claimant filed another claim petition, which was orally amended so as to be treated as a petition to set aside a final receipt, and, after hearings before the referee, the final receipt was set aside and the claimant was again awarded benefits for total disability. The employer appealed to the Workmen's Compensation Appeal Board (Board) alleging that the findings were not supported by sufficient competent evidence. The Board affirmed and this appeal followed.

In a petition to set aside a final receipt the claimant must carry the burden of proving that all disability due to the accident had not in fact terminated. *Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). His proof, of course, must be clear

and convincing. *Pliscott v. Dumble,* 9 Pa. Commonwealth Ct. 292, 305 A.2d 918 (1973). Once he has met that burden, however, the effect is to revive the compensation agreement, and the burden is then shifted to the employer who must prove the extent to which the disability has decreased. *Climax Molybdenum Company v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 249, 325 A.2d 822 (1974). We may review the decision of the Board, where as here, it did not take additional evidence, to determine that the law was not improperly applied, that constitutional rights were not violated, and to determine whether the findings by the referee were supported by sufficient competent evidence. *Leroy Roofing Company v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 396, 327 A.2d 876 (1974). And when the referee has found against the party having the burden of proof, as he did here, we may review to determine whether or not he capriciously disregarded competent evidence in reaching his conclusions.

Here the referee found first that the claimant sustained his burden of proving that his disability had not entirely terminated and next that the employer had not sustained his burden of proving that the claimant's total disability had been reduced.

Viewing these conclusions of the referee with the foregoing principles in mind, we have no doubt that he had sufficient evidence to support his first conclusion that the claimant had proved that his disability had not ceased at the time he signed the final receipt. The claimant's own testimony along with the testimony of his treating physician, that of another examining physician, and that of the employer's witness all agreed that the claimant still suffered some disability most notably in his limited ability to rotate his injured right arm due to atrophy of the muscles and deformity in the shoulder joint. The remaining issue in the case, therefore, is whether or not the employer has shown that the disability had decreased and

was no longer total. The employer sought to do this by proving that there was work available which the claimant could do, and he offered the testimony of a witness who stated that the claimant was offered work as the driver of a light truck or as a sweeper. *Chamberlain Corporation v. Pastellak,* 7 Pa. Commonwealth Ct. 425, 298 A.2d 273 (1973). The claimant himself, however, testified that neither of these jobs was within his capacity because of the heavy lifting and arm motion involved with some aspects of each. Here, therefore, the referee was required to exercise his judgment as to the credibility of the witnesses to weigh the evidence and to render his findings of fact. That he found the testimony of the claimant more credible than that of the employer's witness is no indication in itself that the referee capriciously disregarded competent evidence. Absent any abuse of discretion on his part, therefore, the referee's findings as affirmed by the Board must also be affirmed by this Court.

We, therefore, issue the following

ORDER

AND NOW, this 5th day of September, 1975, it is hereby directed that the final receipt of the claimant, Joseph H. Kelly, be set aside, and that the employer, Westinghouse Electric Corporation, self-insured, is directed to recommence compensation payments to the claimant for total disability at the rate of $52.50 per week, commencing October 7, 1968 and continuing until such time as they may expire under the provisions of the Pennsylvania Workmen's Compensation Act, *as amended.* Interest is payable on all deferred payments of compensation at the rate of 6% per annum, in accordance with the provisions of the Act.

The appeal of the Westinghouse Electric Corporation is hereby dismissed.