Helen M. Stefula *v.* William F. Gable Company and Pennsylvania Manufacturers' Association Insurance Company. Helen M. Stefula, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Frederick B. Gieg, Jr.,* with him *Gieg & Gieg,* for appellant.

*James S. Routch* with him *Patterson, Evey, Routch, Black & Behrens,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 14, 1976:

Helen M. Stefula (Claimant) was injured on April 15, 1965, while in the course of her employment, when

an elevator in which she was a passenger dropped one floor. She received benefits for total disability until January 24, 1966, at which time she returned to work and executed a final receipt. Approximately ten months later, on November 29, 1966, Claimant petitioned for reinstatement of benefits alleging a recurrence of her total disability. The referee ordered reinstatement. On January 13, 1972, the Workmen's Compensation Board (Board) reversed the referee and denied the petition for reinstatement and benefits. In its opinion, the Board stated that the equivocal medical testimony presented by Claimant was insufficient to sustain her burden of proof on the recurrence of the accident-related disability. Consequently, the Board set aside the referee's factual finding and legal conclusion that Claimant had failed to prove that she has a disability attributable to the accident of April 15, 1965. Claimant appealed to the Court of Common Pleas which upheld the action of the Board and dismissed her appeal. We must affirm the order of the Court of Common Pleas.

Under The Pennsylvania Workmen's Compensation Act[1] (Act), the burden is upon Claimant to prove conclusively that all disability from the accident had not, in fact, terminated when the final receipt was executed. *Workmen's Compensation Appeal Board v. Page Steel & Wire Division*, 20 Pa. Commonwealth Ct. 414, 341 A.2d 576 (1975).

Our standard of review in a case where the decision of the Board is against the party having the burden of proof is to determine whether the findings of the Board are consistent with each other and with its conclusions of law and can be sustained without a capricious disregard of competent evidence. *Rice v. A. Steiert & Sons, Inc.*, 8 Pa. Commonwealth Ct. 264,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

301 A.2d 919 (1973). Our review of the record discloses no impropriety in the Board's action.

Finally, we note that this case is governed by the Act as unaffected by the 1972 Amendments. Therefore, it was entirely proper for the Board even without hearing additional evidence, to disregard the findings of fact of the referee and substitute its own. *DiCamillo v. City of Philadelphia*, 16 Pa. Commonwealth Ct. 402, 328 A.2d 223 (1974).

ORDER

AND NOW, this 14th day of July, 1976, the order of the Court of Common Pleas of Blair County is hereby affirmed.