Philip Poliskewicz, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and United Engineers & Constructors, Respondents.

Argued April 5, 1979, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Renald S. Baratta*, for petitioner.

*Stephen J. Harlen,* with him *Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE BLATT, August 15, 1979:

The appellant, Philip Poliskewicz, filed a Petition to Set Aside a Final Receipt of Compensation. His petition was denied by a referee and this denial was affirmed on appeal by the Workmen's Compensation Appeal Board (Board).

On January 7, 1974, the appellant had signed a final receipt for workmen's compensation benefits which he had been receiving because of an injury sustained in the course of his employment. He resumed employment on the same day and worked until November 13, 1974, when he was laid off. He then applied for and received unemployment compensation benefits. In August of 1976, when he filed the Petition to Set Aside Final Receipt, he alleged that the prior disability had either not terminated when he signed this final receipt or had since recurred. He also maintained that he had signed the final receipt out of ignorance and out of the financial necessity of his having to return to work at that time. He said that he did not return to work able to function as he did prior to his work-related injury and that he was subsequently laid off because of this inability on his part to do the work required. The evidence which was submitted included reports by the appellant's physician dated November 4, 1975 and April 30, 1976, indicating respectively that he was capable of performing normal work activity and that his symptoms were not disabling. The referee found that the existence of any disability on the part of the appellant after returning to work had not been established by him and that he must therefore be considered as being capable of performing his regular work. The Board on appeal found that the referee's findings of fact

were amply supported by the evidence and that there had not been any capricious disregard of competent evidence. We agree.

Under the law, a claimant attempting to set aside a final receipt is required to prove by clear and convincing evidence that the disability due to work-related injury had not terminated when the receipt was executed. *Maciupa v. Union Switch & Signal*, 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). Similarly, the evidence to support a charge of fraud or intentional or unintentional deception on the part of the employer must be clear and precise. *Climax Molybdenum Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 249, 325 A.2d 822 (1974). We believe that the appellant here had ample opportunity to present whatever evidence he had either as to the disability or as to fraud or deception by the employer. We believe, therefore, that the referee and the Board properly dismissed the petition.

The order of the Board is therefore affirmed.

ORDER

AND Now, this 15th day of August, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.