Maxine Adkins, Petitioner *v.* Workmen's Compensation Appeal Board (Emerald Mines Corporation), Respondents.

Submitted on briefs October 3, 1983, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*David F. Pollock, Pollock, Pollock & Thomas,* for petitioner.

*Paul E. Sutter, Hirsch, Weise & Tillman,* for respondents.

OPINION BY JUDGE CRAIG, November 4, 1983:

Claimant Maxine Adkins has appealed from a decision of the Workmen's Compensation Appeal Board which affirmed a referee's action granting her petition to set aside a final receipt, under section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001, but suspending payment of compensation on the ground that she had "failed to meet the burden imposed by section 413 [77 P.S. §772] . . . in proving an increase in disability reflected in a loss in earning power. . . ."

We first must decide if this case involves only the setting aside of a final receipt, or if it also involves a claimant's modification petition under section 413, seeking a restoration of compensation for an increase or recurrence of disability.

Resolution of that threshold question is necessary in order to determine which of the parties had the respective burdens of proof, on which our scope of review depends. Concerning the setting aside of a final receipt under section 434, *Maciupa v. Union Switch and Signal,* 13 Pa. Commonwealth Ct. 126, 129-30, 317 A.2d 901, 903 (1974), states:

When attempting to set aside a final receipt the claimant must meet his burden of conclusive proof with clear and convincing evidence. . . . If the claimant does carry his burden and succeeds in having the final receipt set aside, the effect is to revive the compensation agreement automatically and to restore the parties to the position they would have been in if the receipt had never been signed. The issue then becomes the

extent of the claimant's disability, and the burden of showing that such has been reduced from that payable under the compensation agreement is upon the defendant. . . . (Citations omitted.)

In *Altemose Co. v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 511, 518-19, 432 A.2d 267, 271 (1981), we expressed the contrast between section 434 and section 413 by stating:

In Cambria County Commissions [v. Workmen's Compensation Appeal Board, 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981)] Judge ROGERS contrasted Sections 434 (petition to set aside final receipt) and 413 (petition to reinstate compensation) of the Act and clearly delineated the different standards applicable to each section. Although Section 434 requires that a claimant prove that his *disability had not terminated at the time the final receipt was executed*, Section 413 mandates that a claimant show that his *disability had recurred*. Thus, in seeking to set aside a final receipt, a claimant must establish not that his disability *reoccurred after* the final receipt was signed, but rather, that his disability *existed when* the final receipt was signed. (Emphasis in original.)

The claimant, a coal mine laborer, had received injuries to back, legs and shoulder as a result of a roof fall on July 12, 1978. Under a notice of compensation payable, the claimant received compensation until she signed a final receipt and returned to work August 14, 1978, but by a supplemental agreement, her compensation was reinstated December 7, 1978, on the basis of an acknowledged recurrence of disability. On April 7, 1980, the claimant again returned to work and signed a final receipt, but she worked only eleven days between that date and May 6, 1980, when she again apparently left the mine.

She then filed a claim petition which the referee treated from the outset as a petition to set aside a final receipt.

In granting the petition to set aside the final receipt but suspending compensation, the referee found:

9. That the unrebutted testimony of the claimant clearly indicates that on April 7, 1980 when she returned to work without loss in earning power she continued to suffer an undetermined partial disability.

10. That Dr. David A. Stole, board certified specialist in orthopedic surgery, examined the claimant on December 1, 1980. Based on the history and his clinical examination the doctor was of the opinion that the claimant continued to suffer problems as a result of her July 12, 1978 injury.

11. That your Referee finds that on April 7, 1980 when the claimant returned to work without loss in earning power all of her disability resulting from the July 12, 1978 injury had not in fact terminated, accordingly she is entitled to have the Final Receipt set aside.

In setting aside the final receipt, the referee concluded that the claimant had met the burden imposed by section 434 to show that all disability had not terminated on April 7, 1980, the date of signing the final receipt. With no mention of the employer's consequent burden to show that the degree of disability had been reduced below that for which compensation had been paid, *Maciupa*, 13 Pa. Commonwealth Ct. at 130, 317 A.2d at 903, the referee proceeded to suspend compensation under section 413, concluding:

That the claimant having failed to meet the burden imposed by section 413 of the Act . . . in proving an increase in disability reflected in a

loss in earning power, must have her prayer for a reinstatement of compensation denied. . . .

Close scrutiny of the claim petition does not permit characterizing it as a modification petition under section 413. Although the claim petition does contain a lone cryptic statement which might suggest that the claimant was seeking to characterize her claim as one for the recurrence of a disability,[1] we believe that the referee was correct when he declared that the petition "will be amended to a petition to set aside final receipt. . . ."

Noting that the claimant's initial burden in setting aside a final receipt must include proof of a disability caused by the original injury, the board, on appeal, agreed that the medical testimony was sufficient to set aside the receipt "but insufficient to establish disability i.e. a loss in earning power." Although the board did not mention section 413 or analyze the claimant's petition as one for modification of benefits, it apparently arrived at its non-disability determination by referring to the doctor's understanding that the claimant was working when he examined her in December, 1980. Although a finding by the referee mentions that the doctor indicated that the claimant advised him that she was working in December, 1980, we cannot be sure that such a reference to testimony constitutes a finding, particularly because the referee went on to state

[c]learly more damaging to the claimant's case was the doctor's opinion that other than some subjective complaints of pain his neurological examination was negative and in essence he found no signs of any process which would negate her returning to work in the mines.

---

[1] In her petition, the claimant stated:

In 4-80/5-80 claimant was placed on regular duty instead of light duty, therefore, aggravated lower back. . . .

Therefore, we must conclude at this point that the referee had no legal basis for resting his conclusions upon any burden of the claimant under section 413, in view of the claimant's entitlement to proceed through the hearings on the basis of the referee's own characterization of the petition solely as one to set aside a final receipt.

The fact that the claimant worked for eleven days, with difficulty, between April 7, 1980 and May 6 in the following month, does not necessarily mean that the claimant was free of disability, so that she could be held to claiming only a recurrence from and after May 6. Indeed, the referee's action in setting aside the final receipt necessarily imports that the original disability continued to exist on April 7 and had not disappeared. The board's action, approving the setting aside of the final receipt but considering disability absent on April 7, is not consistent either with the referee's receipt-setting-aside action or the concept that disability must exist in order to set a receipt aside validly.

Possibly, the referee may have concluded that, even though the employer presented no testimony, the claimant's medical evidence nevertheless satisfied the *employer's* burden of showing that the disability (which the referee deemed to exist on April 7, 1980) had been reduced. *Maciupa.*

We must vacate the decision and remand for clarification by means of new findings and conclusions by the referee, pursuant to a further hearing, if necessary. Specifically, the reconsideration should include:

1. Finding as to whether or not the proceeding included a modification petition and, if so, support for that characterization;

2. Confirmation or clarification of the present findings that the claimant, according to her own testimony, continued to suffer disabil-

ity on April 7, 1980 and, according to medical testimony, continued to suffer disability related to the original injury;

3. Finding as to whether or not the claimant was working at pertinent times in 1980;

4. Findings and conclusions pertinent to the employer's burden, in a petition to set aside a final receipt, to establish that disability has been reduced.

## ORDER

Now, November 4, 1983, the decision of the Workmen's Compensation Appeal Board, No. A-81525, is vacated and this case is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.