McCrory Stores, Petitioner *v.* Workmen's Compensation Appeal Board (Hopkins), Respondents.

Submitted on briefs June 6, 1983, to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Herman A. Gailey, III, Stetler & Gribbin,* for petitioner.

*Sherman A. Kusin, Harkness, Friedman, Kusin & Britt,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 31, 1984:

McCrory Stores appeals a Workmen's Compensation Appeal Board order which reversed a referee's decision to grant its modification petition. We reverse the Board's order and remand for computation.

William Hopkins, an employee of McCrory, suffered a work-related back injury. He then executed an agreement for compensation with McCrory providing for temporary total disability. McCrory alleges that Hopkins is now capable of returning to work and that the agreement must be modified from temporary total to partial disability.

When an employer seeks to modify a workmen's compensation agreement by asserting that a claimant's disability is no longer total, the employer has the burden of proving that such disability has been reduced and that work is available which is within the employee's capability.[1] *Yorktowne Paper Mills v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 608, 432 A.2d 308 (1981).

The sole issue before us[2] is whether the referee's finding that there were jobs available for the claim-

---

[1] The question of reduced disability is not at issue.

[2] Where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, our review is limited to a determination of whether constitutional rights were

ant to perform while partially-disabled was supported by substantial evidence.

The referee determined that McCrory had satisfied its burden of proving job availability, finding that there was suitable part-time work available for Hopkins. The referee, however, erroneously found that there was an available thirty hour-per-week job as a self-service gasoline attendant at the rate of $3.35 per hour. The Board reversed, deciding that the burden had not been met based on the thirty hour-per-week figure.

The record establishes that there was appropriate employment on a twenty-hour basis in the locality. A vocational-rehabilitation specialist[3] testified that there were numerous part-time jobs in self-service gasoline stations that Hopkins could perform. He further testified that Hopkins had sufficient capacity to perform certain twenty hour-per-week jobs of a light assembly type and calculated that two or three hundred of these jobs existed.

Another expert witness[4] asserted that the claimant was capable of working thirty hours per week, yet no corresponding evidence of the availability of part-time jobs for thirty hours per week is found in the record.

Although the referee's finding of the existence of a thirty hour-per-week job has no factual basis, the record clearly sets forth the availability of an acceptable part-time job. Thus, McCrory has met its burden of proving part-time job availability. We hold that the referee's attachment of a thirty-hour figure rather than a twenty-hour figure to the available employment

---

violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 498, 421 A.2d 653, 655 (1980).

[3] Dr. Wayne Werner served as the vocational-rehabilitation specialist.

[4] This was the testimony of Dr. Norris Knight, Jr.

constitutes harmless error. The Board therefore disregarded substantial evidence as to part-time job availability in its reversal of the referee.

Accordingly, we reverse the Board's order and affirm the referee's decision that suitable part-time employment was available.[5] We also remand the case for computation of wage loss and benefits.

Reversed and remanded.

### ORDER

The order of the Workmen's Compensation Appeal Board, No. A-82195 dated October 7, 1982, is reversed and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[5] Since we are deciding in favor of McCrory Stores, we need not address the argument that the Board imposed an improper and excessively high burden of proof.