Russell O. F. Metzger, Petitioner *v.* Workmen's Compensation Appeal Board (Heidelberg Township Supervisors), Respondents.

Argued April 6, 1984, before Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*David. G. Welty,* for petitioner.

*Michael P. Shay, Sigmon & Ross, P.C.,* for respondent, Heidelberg Township Supervisors.

OPINION BY JUDGE DOYLE, August 21, 1984:

This is an appeal by Russell O. F. Metzger (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee suspending benefits.

Claimant was an elected Supervisor who worked for Heidelberg Township as a road superintendent. In August of 1976, he injured his right arm and shoulder in a work-related fall. He received benefits under a notice of compensation payable until August of 1977 when he returned to work and signed a final receipt. He continued to work until January 31, 1978 when he resigned his position as supervisor and superintendent, but remained employed as a laborer through March of 1978. Beginning in June, 1978, Claimant became employed as a laborer in a neighboring township, where he worked until October, 1978.

On January 26, 1979, Claimant filed a petition to set aside the final receipt. Following a hearing, a referee concluded that Claimant had demonstrated that all disability due to the 1976 injury had not ceased at the signing of the final receipt and set it aside. The referee also concluded, however, that Claimant had failed to show that the residual disability resulted in a loss of earning power and suspended benefits as of the date the final receipt was signed. Claimant appealed and the Board affirmed. Petition for review by this Court followed.

We reverse because the referee, as affirmed by the Board, erred as a matter of law. The referee's relevant conclusions of law are as follows:

3. Accepting that the partial tear of the rotator cuff of the right shoulder either occurred or was aggravated by the incident occurring on August 9, 1976, the Referee finds that Claimant proved by sufficient competent evidence that all disability due to said injury in fact had not terminated as of August 2, 1976, [sic] wherefore the Final Receipt shall be set aside, within the meaning of §434 of the Act.

4. Claimant failed to prove by sufficient competent evidence that the residual disability resulting from the injury occurring on August 9, 1976 (or January 1977) was reflected in a loss of earning power on or after August 2, 1977, wherefore compensation payments shall be suspended as of August 2, 1977, within the meaning of §306 and §413 of the Act.

Claimant correctly argues that once he had proven that all disability due to the injury had not ceased at the signing of the final receipt, the notice of compensation payable agreement revived and the burden shifted to the employer to prove that compensation under the original agreement should be reduced or suspended. *Workmen's Compensation Appeal Board v. Westinghouse Electric Corp.*, 21 Pa. Commonwealth Ct. 171, 343 A.2d 718 (1975); *Climax Molybdenum v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 249, 325 A.2d 822 (1974); *Maciupa v. Union Switch & Signal*, 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). The referee's conclusion of law No. 4 clearly applies the wrong burden of proof and the suspension of benefits must, therefore, be reversed.

The respondent Township Supervisors urge, however, that the referee's finding of fact No. 11, that "the Claimant was not disabled or incapacitated from performing [his] occupation and has not suffered a loss in earning power," is controlling. We can agree that the referee's conclusion of law No. 3 is inconsistent with this language in his findings of fact, and were we faced with an appeal from an affirmance of that conclusion, we might well find error in the inconsistency. The validity of the referee's setting aside of the final receipt has not been challenged, however, either here or before the Board. And insofar as the suspension of compensation, which *was* appealed, was

based on an incorrect allocation of the burden of proof, we are compelled to reverse. This will not, of course, preclude the employer from petitioning to suspend benefits at some future time.

Insofar as the referee's findings, supported by substantial evidence, show intermittent employment between August 2, 1977 and October 20, 1978, benefits payable during that period should be reduced to such weekly amounts as are payable under Section 306(b) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §512.

ORDER

Now, August 21, 1984, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above referenced matter, No. A-82677, dated May 26, 1983, is hereby reversed. The matter is remanded for reinstatement of the compensation agreement as of August 2, 1977, with reduction of amounts payable for total disability thereafter during periods of employment under the provisions of Section 306(b) of the Act until October 20, 1978, consistent with this opinion. Jurisdiction relinquished.