506 A.2d 1024

Coastal Tank Lines, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Mann), Respondents.

Argued March 14, 1986, before Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*James R. Schmitt,* with him, *Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey,* for petitioner.

*J. Kerrington Lewis, Lewis and Stockey,* for respondent, Gerald D. Mann.

Opinion by Judge Craig, April 4, 1986:

Coastal Tank Lines, Inc. appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's setting aside of the final receipt which Gerald D. Mann had signed, but reversed the referee's suspension of his benefits.

The claimant suffered a neck and shoulder injury on July 9, 1981 in the course of his employment as a tank truck driver. The employer voluntarily entered into a notice of compensation payable agreement with the claimant until the claimant returned to work on November 12, 1982, one day after he signed a final receipt. He worked two days in November and one day in December. After his second day at work in November, the claimant again suffered from physical symptoms of his disability. His doctor, Dr. Steven C. Miller, examined him on December 20, 1982, and advised him that he should not continue working as a tank truck driver because lifting heavy hoses exacerbated his symptoms. On January 24, 1983, the claimant filed a petition to set aside the final receipt.

The referee determined that the claimant had proved that all disability had not ceased at the time of the signing of the final receipt, and therefore he set aside that final receipt. *Holshue v. Workmen's Compensation Appeal Board (Robideu Express)*, 84 Pa. Commonwealth Ct. 253, 479 A.2d 42 (1984).

The referee also found credible the employer's assertion that, except for the three days available in November and December, the claimant was on lay-off status due to lack of work. The board did not dispute that finding.

The employer argues that the referee acted properly in suspending benefits because the claimant had returned to his regular work. However, this court has held that, in actions to set aside a final receipt, a

claimant's temporary return to work "does not necessarily mean that the claimant was free of disability . . . [and that] the referee's action in setting aside the final receipt necessarily imports that the original disability continued to exist. . . ." *Adkins v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 78 Pa. Commonwealth Ct. 221, 226, 467 A.2d 114, 116 (1983). A claimant's temporary return to work is not, therefore, automatically dispositive of the reinstatement of benefits.

Because the referee accepted the employer's assertion that management had laid off the claimant immediately after he had signed the final receipt and returned to work, the referee determined that the claimant's loss of earnings was "unrelated to his injury and partial disability." The board reversed and stated that the record lacked evidence "to support the Referee's finding that the claimant's loss of earnings was not caused by his disability."

Hence, the issue is whether the claimant's disability was related to his loss of earnings.

Once the claimant proves that all disability due to the injury had not ceased at the signing of the final receipt, the notice of compensation payable agreement revives, and the burden shifts to the employer to prove that compensation under the original agreement should be reduced or suspended. *Metzger v. Workmen's Compensation Appeal Board (Heidelberg Township Supervisors)*, 84 Pa. Commonwealth Ct. 565, 480 A.2d 367 (1984). The effect of setting aside the final receipt is to restore the parties to the position they would have been in had there never been a signing of the final receipt. *Adkins*, at 222, 467 A.2d at 115.

Although the referee in workmen's compensation cases, not the board, is the ultimate factfinder, *Garcia v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 503 Pa. 342, 469 A.2d 585 (1983), the board has the authority to modify a referee's decision if

the record lacks substantial evidence to support a finding or an error of law was committed. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple)*, 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984). To avoid payment under the original agreement, the employer had to show that the agreement required modification because the claimant's disability had terminated or diminished. *Altemose Co. (Sheraton) v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 511, 516, 432 A.2d 267, 270 (1981).

The board's decision indicates a rejection of the referee's finding that the claimant's disability had diminished from temporary total disability to partial disability, apparently because the record did not contain substantial evidence to support that determination. Even though the claimant's medical evidence indicated that his disability was limited to jobs requiring heavy physical exertion of upper extremities or neck, the record contains no evidence to satisfy the employer's burden of proving that work was available which was within the claimant's capabilities. *McCrory Stores v. Workmen's Compensation Appeal Board (Hopkins)*, 80 Pa. Commonwealth Ct. 76, 470 A.2d 1124 (1984).

Hence, because the claimant's disability had not ceased, nor, according to the board's indicated revision, had it diminished at the time of the signing of the final receipt, the board correctly determined that the prerequisite for a suspension of benefits did not exist.

The fact that a lay-off had intervened did not negate the basic point that the claimant continued to lack earning capacity.

Accordingly, we affirm.

ORDER

Now, April 4, 1986, the order of the Workmen's Compensation Appeal Board, at Docket No. A-86895, dated July 26, 1984, is affirmed.