Olin W. Freeman, Appellant, *v.* Consolidated Comstock Co., Inc., Pacific Employers Insurance Company, Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued January 11, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*William F. Kocher, Jr.,* for appellant.

*Raymond F. Keisling,* for appellee, Consolidated Comstock Co.

OPINION BY JUDGE CRUMLISH, JR., April 18, 1974:

This is an appeal from an Order of the Workmen's Compensation Appeal Board (Board) denying Claimant Freeman's petition to reinstate a Compensation Agreement.

On September 9, 1970, Claimant injured his back while in the employment of Consolidated Comstock Company (Consolidated). A Compensation Agreement was entered into by Claimant and Consolidated on November 10, 1970 and was approved by the Board on February 11, 1971. The Agreement provided Claimant with benefits totaling $60.00 per week beginning September 24, 1970. Compensation was paid under said Agreement until October 10, 1970. Final Settlement was executed by the Claimant on November 10, 1970.

On March 3, 1972, the Claimant filed a petition for the reinstatement of the Agreement, alleging that the injury he sustained on September 9, 1970, had been aggravated. Consolidated filed an Answer denying any aggravation of the old injury. Because Claimant was a resident of Georgia at the time he filed his petition to reinstate compensation, his testimony and that of his witnesses was taken by an official of the Georgia State Board of Workmen's Compensation which was in turn forwarded to a Referee as provided by the Pennsylvania Workmen's Compensation Act. Based on his testimony the Referee set aside the Final Settlement receipt and reinstated the Compensation Agreement. The Board reversed the Referee, substituted its own findings of fact and conclusions of law, and vacated the Agreement.

Claimant has appealed to this Court.

In a workmen's compensation case where the Workmen's Compensation Appeal Board takes no additional evidence, the function of the Board is to determine whether the findings of the Referee are supported by competent evidence or whether any conclusions reached

constitute an error of law. It is error for the Board to substitute its findings for proper findings of the Referee. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A. 2d 189 (1973).

The Referee found a causal connection between the Claimant's injury on September 9, 1970, and the injury sustained on January 14, 1972, and ordered reinstatement of the Compensation Agreement. The Board, in reversing the Referee, found there was no competent evidence to prove causal connection between the injuries.

Although we sympathize with the Claimant, we have carefully reviewed the record and find it lacking competent evidence to link his present back problems to the injury sustained on September 9, 1970. Medical reports were introduced diagnosing Claimant's ailment, but they fail to provide the vital connection with the injury sustained while in the employ of Consolidated.

Nor does the Claimant take the position that all disability due to the accident in September 1970, had not terminated when he signed the final receipt. *See Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972). There is simply no evidence to support the Referee's award of compensation benefits, and for this reason, we affirm the Board and enter the following

ORDER

AND Now, this 18th day of April, 1974, the Order of the Workmen's Compensation Appeal Board dated July 3, 1973, is hereby affirmed.