Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Anthony Venturella *v.* Westinghouse Electric Corporation, Appellant.

Argued February 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Robert C. Jones*, with him *Samuel P. Gerace*, and *Jones, Gregg, Greehan and Gerace*, for appellant.

*Joseph K. Pierce*, with him *Arnold D. Wilner, Theodore Goldberg*, and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig*, for appellee, Venturella.

*James N. Diefenderfer*, for appellee, Board.

OPINION BY JUDGE MENCER, April 6, 1976:

This is an appeal by Westinghouse Electric Corporation (appellant) from an order of the Workmen's Compensation Appeal Board (Board) sustaining a referee's award of compensation to Anthony Venturella (claimant) for the loss of use of three fingers and the thumb on his right hand.[1]

All the parties agree that claimant suffered an industrial accident when, on August 21, 1970, during the course of his employment, claimant was struck on his right hand by a large bracket that had fallen from a gyp crane in Westinghouse's welding shop. Although appellant and claimant entered into a compensation agreement, compensation was not paid because of claimant's early return to work. However, in March of 1972, claimant filed a petition for disability compensation for the permanent loss of use of his right hand. This appeal is from the referee's grant of compensation to claimant based on that petition.

Since the Board affirmed the referee's grant of benefits without taking any additional evidence, our scope of review is limited to a determination of whether there is substantial competent evidence in the record to support any necessary findings of fact and whether the Board and referee have committed an error of law. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

Initially, we are compelled to settle the obvious conflict between claimant's petition for compensation for the loss of use of his *right hand* and the referee's award of compensation for losses to *three fingers and a thumb* on that hand. Appellant contends that during the course of the hearing the claimant orally amended his claim petition

---

1. Compensation was granted pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513.

and thereby restricted his claim for permanent loss of use to his index and middle fingers. We conclude that the appellant is correct in this regard, and therefore we will reverse the referee's grant of benefits for the losses to claimant's thumb and ring finger.

At the beginning of the initial hearing, claimant's counsel clearly stated the following:

"MR. GOLDBERG: A couple remarks by way of introduction. On the Claim Petition I think everything is admitted except Paragraph 4 and 10. In the Claim Petition loss of use of the right hand is alleged. At this point we are narrowing the claim down to permanent loss of use of the index finger and the middle finger of the right hand. And we will present medical testimony at a later time."

Although counsel now has set forth various palliations to distract from the obviousness of the above, we find the statement to be clear on its face and not subject to any interpretation. It is a concise oral amendment that controls here. Additionally, a close reading of the record convinces us that all of the parties proceeded under the assumption that the claim petition had been amended to encompass a claim for only the index and middle fingers.[2] Because it is clear that a referee lacks authority under the Act to increase benefits sua sponte, *Workmen's Compensation Appeal Board v. Dill Construction Company*, 20 Pa. Commonwealth Ct. 145, 341 A.2d 537 (1975), we are compelled to reverse the referee's grant of benefits as to the thumb and ring finger.

The appellant also contends that the referee's findings are not supported by substantial evidence. We believe that this contention is almost exclusively directed to the

---

2. All the claimant's initial testimony was limited to the status of the index and middle fingers. The employer obviously adopted this amendment as controlling, for the testimony of both of its physician witnesses was so limited. Claimant's physician also initially so limited his testimony.

referee's findings as to the thumb and ring finger. Our reading of the record compels us to conclude that the referee's findings concerning the losses to the index and middle fingers are more than adequately supported by the record.[3] We therefore issue the following

### ORDER

AND NOW, this 6th day of April, 1976, the order of the Workmen's Compensation Appeal Board, relative to the claim of Anthony Venturella, is hereby affirmed in part and reversed in part. Accordingly, it is ordered that judgment be entered in favor of Anthony Venturella and against Westinghouse Electric Corporation (self-insurer) in the amount of $60 per week, beginning September 9, 1970 and continuing thereafter for the following specified periods:

| | |
|---|---:|
| For permanent loss of use of the right index finger | 35 weeks |
| For permanent loss of use of the right middle finger | 30 weeks |
| Total | 65 weeks |

Together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act. Westinghouse Electric Corporation shall pay $3 to George Hickman, 607 Snowball Road, Monroeville, Pennsylvania, for costs.

---

3. Though in this case we find ourselves, again disadvantaged by the conclusionary nature of the referee's findings, we do not deem it necessary here to remand for additional findings, as those presented (though meager and somewhat conclusionary) do permit us to exercise judicial review. *Compare Dunlap v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975).