Elkview Country Club, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Myron R. Denny, Sr., Respondents.

·Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*John C. Mascelli*, with him *Lenahan, Dempsey, Murphy and Piazza*, for petitioner.

*William F. Bradican*, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 18, 1979:
Employer is appealing an adverse ruling by the Workmen's Compensation Appeal Board (Board) which affirmed the referee's setting aside a final receipt because claimant's disability was continuing and because the referee found the employer failed to demonstrate that there was appropriate work available to the claimant. We affirm.

On March 11, 1975 claimant sustained a back injury while moving lockers at work. He obtained workmen's compensation benefits for the weeks of April 10, 1975 through September 28, 1975. On September 28, 1975 claimant informed employer he had a slip from his doctor that he could go back to work. He was informed by employer that he had been replaced and that there was no work available for him. From the testimony it seems clear that claimant made repeated efforts to secure work from employer at that time. On October 2, 1975, a compensation adjuster called on claimant and delivered his final check. Claimant signed a final receipt.

On August 25, 1976, claimant filed a petition to set aside the final receipt on the grounds that he was permanently and totally disabled from performing his usual and normal occupation.

The issue here is not whether claimant was disabled at the time he signed the final receipt; both sides agree he was. The issue is whether there was suitable work available for him. The employer maintains that he carried his burden of proof by presenting testimony of a vocational specialist that there were five different jobs available within the relevant labor market. Employer contests referee's findings of fact numbers nine and ten which say in pertinent part:

9. [The vocational counselor] testified as to availability of five jobs, namely: McDonald's Restaurant, Dunmore, Pa. which required the claimant to stand on his feet for prolonged periods of time which is not within his physical capacity; Triangle Pipe and Tube Company, said job not being presently available, however sometime in the future will be available; Gentex Corporation, Simpson, Pa., not presently available at the hearing; High Pressure Cleaning, Inc., Peckville, Pa. had a position avail-

able in Carbondale, Pa., said job required long standing and constant walking which was not within the physical capacity of the claimant. Scranton Wiping Cloth, said job required long standing and not within the physical capacity of the claimant. Globe Security, Carbondale, Pa., said employment being from 7:30 a.m. to 4 p.m. and required sitting, standing and walking and inspecting buildings for security. Said security job also required checking I.D. Cards at a plant gate, answering questions from visitors and performing security checks not within the physical capacity of the claimant, since a security job requires constant vigil, standing and walking.

10. That the defendant failed to show, by reasonable competent evidence that there was work available in the market within the physical and mental capabilities of the claimant, within the intent of the Workmen's Compensation Act.

Employer asserts that the referee capriciously disregarded competent evidence in making the above findings of fact. We have read the record and find that the referee's findings were not unreasonable, especially in light of the fact that employer's own doctor's testimony was that claimant was 50 percent disabled and further that claimant was 59 years old. Speaking for the Court in *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 302, 366 A.2d 620, 623 (1976) Judge BLATT had this to say on capricious disregard of evidence: "To constitute a capricious disregard of evidence, there must be a willful and deliberate overlooking of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. Sherred v. Pitts-

burgh, 7 Pa. Commonwealth Ct. 401, 299 A.2d 381 (1973). We do not find that here." Nor do we find it here.

Accordingly, we will enter the following

ORDER

AND Now, July 18, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-73436, dated November 17, 1977 is hereby affirmed and it is ordered that judgment be entered in favor of Myron R. Denny, Sr. and against Elkview Country Club, employer. The employer and/or insurance carrier is directed to pay the claimant compensation at the rate of $100.00 per week beginning September 29, 1975 to May 26, 1977 and continuing indefinitely thereafter within the limitations of The Workmen's Compensation Act. Deferred payments of compensation shall bear interest at the rate of ten percent per annum from the due date thereof.

The employer and/or insurance carrier is directed to pay Attorney William F. Bradican, 204 Wyoming Avenue, Scranton, Pa. twenty per centum of the total amount awarded and payable to claimant, or the sum of $1,720.00 to be deducted therefrom.