Commissioners of Beaver County and Rockwood Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ralph H. Logan, Respondents.

Argued December 4, 1979, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*Fred C. Trenor,* of *Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*Leonard P. Kane, Jr.,* for respondents.

OPINION BY JUDGE BLATT, February 25, 1980:

The Commissioners of Beaver County (employer) appeal here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision setting aside a final receipt executed by Ralph H. Logan (claimant) and awarding him compensation for total disability.

The claimant injured his left leg on April 17, 1964, in a job-related accident and received compensation for total disability under a notice of compensation payable executed by the employer. On December 15,

1975, he returned to work and executed a final receipt. He continued to have problems with his leg, however, and on February 22, 1977, he filed the instant petition to set aside final receipt, alleging a specific loss of the "left lower extremity". A hearing was held before a referee, who later issued a decision expressly denying the specific loss claim but finding total disability and reinstating the original notice of compensation payable. The Board upheld the referee, and this appeal followed.

The employer argues here, as it did below, that the only issue before the referee was the specific loss claim and that he erred therefore in ruling on an issue which had not been presented, *i.e.*, total disability.

Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001, provides in part:

That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

To have a final receipt set aside, therefore, a claimant need only demonstrate that all disability has not terminated. *Schneider v. Sears, Roebuck and Co.*, 206 Pa. Superior Ct. 282, 213 A.2d 83 (1965).

If the claimant does carry his burden and succeeds in having the final receipt set aside, the effect is to revive the compensation agreement automatically and to restore the parties to the position they would have been in if the receipt had never been signed. The issue then becomes the extent of the claimant's disability, and the burden of showing that such has been reduced

from that payable under the compensation agreement is upon the defendant.

*Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 129-30, 317 A.2d 901, 903 (1974). *See Workmen's Compensation Appeal Board v. Westinghouse Electric Corp.,* 21 Pa. Commonwealth Ct. 171, 343 A.2d 718 (1975).

In the case here before us, the evidence and findings clearly demonstrate that all of the claimant's disability has not ceased. We find no error, therefore, in the referee's setting aside the final receipt. We do believe, however, that the referee erred in reinstating the notice of compensation payable for total disability because this issue was not properly presented. *Cf. Workmen's Compensation Appeal Board v. Dill Construction Co.,* 20 Pa. Commonwealth Ct. 145, 341 A.2d 537 (1975); *Workmen's Compensation Appeal Board v. Westinghouse Electric Corp.,* 24 Pa. Commonwealth Ct. 251, 355 A.2d 619 (1976). Inasmuch as the claimant was asserting only a specific loss, the employer's case was directed to that issue, and the employer did not have an opportunity to show that the claimant's disability has been reduced from the total disability payable under the original agreement.

We must therefore remand this matter to allow the employer to present its case as to the present extent of the claimant's disability, including such related matters as his medical limitations and his job prospects.

### ORDER

AND Now, this 25th day of February, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed, and the matter is remanded to the Board for disposition not inconsistent with our opinion herein.

442

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.