Township of Upper Darby and General Accident Group, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William Murrin, Respondents.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Michael A. Paul, Richard, Brian, DiSanti & Hamilton,* for respondents.

OPINION BY JUDGE MACPHAIL, August 12, 1980:

The Township of Upper Darby and General Accident Group (Petitioners) have filed this appeal from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's order granting workmen's compensation benefits to William Murrin (Claimant). We affirm.

The record shows that on January 23, 1977, the Claimant was on duty as a police patrolman for the Township of Upper Darby when he received a radio message informing him that a child had been struck by

an automobile and directing him to investigate the accident. The evening of January 23, 1977 was cold and the roads were icy. Claimant set out for the scene of the accident at a high rate of speed and received a call on the radio urging him to hurry since the child was reported to have been badly hurt. When Claimant arrived at the scene, he encountered a group of persons who informed him that the driver of the vehicle involved in the accident had taken the child to the hospital; several opined that the child had died. Claimant ran back to his patrol car and proceeded, again at a high rate of speed, to the nearest hospital. He assumed that the injured child would be there. He ran to the accident ward and proceeded to the treatment room where the child had been taken. He viewed the child, who had a severe head injury, briefly and proceeded to the Police Investigation Room to interview the driver of the automobile involved in the accident. Some minutes passed and the parents of the driver arrived. Approximately twenty minutes after arriving at the hospital and while interviewing the driver and his parents, Claimant collapsed and lost consciousness.

Claimant received immediate treatment for cardiac arrest and, when his heart had begun to beat again, was taken to the Coronary Care Unit. The cause of Claimant's cardiac arrest was a severe myocardial infarction. Dr. Frederick A. Furia, a specialist in the field of cardiology, was present at the emergency ward on the evening of Claimant's injury and has been his treating physician since that time.

The referee found that the events of the evening of January 23, 1977 caused Claimant's myocardial infarction and that Claimant was totally disabled from performing the duties of a patrolman until August 4, 1977. The referee found that as of August 4, 1977, Claimant could have performed light work, but none was available with his former employer and no light

work was available to Claimant in the Philadelphia Metropolitan region from August 4, 1977 to February 28, 1978.[1] Therefore, Claimant was awarded total disability compensation from January 23, 1977 to February 28, 1978, the date on which he returned to full active duty.

The Board affirmed the referee's findings and order with the amendment that a suspension of benefits was granted, effective March 1, 1978.

The issues raised by Petitioners for our review will be presented and discussed separately.

I.   Whether Claimant gave notice to the employer within twenty-one (21) days of the injury as is mandated by Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631.

Petitioners argue that, while Claimant gave notice of the injury within one hundred twenty (120) days of its occurrence, *i.e.* by letter dated April 14, 1977, and is, therefore, entitled to benefits from the date of notice the referee erred in awarding benefits from the date of injury because Claimant did not give notice to his employer within twenty-one (21) days of the injury.

Petitioners' argument ignores the following language from Section 311:

> [u]nless the employer shall have knowledge of the occurrence of the injury, *or* unless the employe or someone in his behalf . . . shall give notice thereof within twenty-one days after the injury, no compensation shall be due until such notice be given.

77 P.S. §631.

---

[1] The referee's finding states the second date as January 23, 1978, but the record shows that Claimant returned to work on February 28, 1978.

There is substantial evidence in the record that Claimant's employer was aware of the injury almost immediately. Claimant was on duty when the injury occurred and fellow officers, who were present, completed his accident report. The employer carried him on its record as injured on duty.

The purpose of the notice requirement of Section 311 is to apprise the employer of the claim and to give the opportunity for a thorough investigation while the events are recent. *Katz v. The Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979). Since the employer had actual knowledge of the injury involved herein, the purpose of Section 311 had been fulfilled. In fact, the letter of April 14, 1977 was more to advise the employer that Claimant had retained counsel than to give notice of the injury.

We conclude that Petitioners had actual knowledge of Claimant's injury within twenty-one days of its occurrence.

II.   Whether the referee erred in awarding benefits for total disability to the Claimant for the period from August 4, 1977 to February 28, 1978.

The referee found that Claimant was able to perform light work as of August 4, 1977, but that Claimant was totally disabled from performing his former job until his return to work on February 28, 1978. Although Petitioners presented evidence on jobs available to Claimant during the period of time in issue, the referee found that no work was available to Claimant during that interval.

The general rule is that once the Claimant has shown total disability as to the employment engaged in at the time of the injury, the burden is on the employer to prove the availability of work which the Claimant is capable of performing. *Barrett v. Otis Eleveator Co.,* 431 Pa. 446, 246 A.2d 668 (1968). The employer need not show that an offer of employ-

ment was made and rejected to sustain that burden. *Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974).

Petitioners presented expert testimony on job availability and the Claimant offered expert testimony and his own testimony in rebuttal.

The crux of Petitioners' argument is that Claimant's failure to seek work after August 4, 1977 demonstrates a conscious choice to remain unemployed. The record shows that Claimant did seek light work with his employer, but none was available. The Claimant testified that he was never taken out of service by his employer, but was carried on the records as injured on duty. He further testified that, if he had accepted other employment during this time, he would have been terminated by his employer. This testimony was unrebutted.

The Petitioners appear to argue that the referee must accept the testimony of their expert. This ignores the fact that, the question of whether Claimant actively sought work notwithstanding, Petitioners had the burden to show work was available to him which he was capable of performing. *Barrett, supra.* The referee obviously believed that this burden was not met.

Where the party having the burden of proof does not succeed below, we will review the finding to determine whether it can be sustained without a capricious disregard of the testimony. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

In this case, the Claimant presented expert testimony to refute that of Petitioners' expert on the question of availability of work. Claimant's expert stated that, in addition to the fact that Claimant was already

employed, he would be unable to get work due to his age, lack of experience, and health problems. The referee chose to believe Claimant's expert and resolution of such a credibility issue is uniquely within his province as fact finder. *American Refrigerator, supra.* We will affirm the referee's finding that no work was available to the Claimant between August 4, 1977 and February 28, 1978.

Our resolution of this issue obviates the need to discuss Petitioners' argument that a remand is necessary for calculation of an average weekly wage. Petitioners agree that such a calculation would not be needed unless Claimant is held to have been partially disabled between August 4, 1977 and February 28, 1978.

III. Whether the referee's finding of a causal connection between the injury and Claimant's work activities is supported by substantial evidence.

Petitioners argue that the testimony of Dr. Furia, Claimant's treating physician, as to causation was based on a misapprehension of the facts. The doctor testified on direct examination that Claimant collapsed and lost consciousness immediately after seeing the injured child. Based on the stress of answering the emergency call, the doctor stated that, in his opinion, there existed a causal relationship between these work activities and Claimant's heart attack.

The record shows that Claimant actually collapsed about twenty minutes after arriving at the hospital. When the doctor was apprised of this fact during cross examination, he hesitated, apparently because he did not know whether counsel was speaking of the Claimant or of a hypothetical person. When the confusion was cleared up, the doctor stated "I think even if we changed the amount of time, the time sequence of the events and so on, I don't think it would make any difference at all.''

It is clear that Dr. Furia did not become equivocal. The weight of his testimony in light of the time difference is for the referee to determine. *American Refrigerator, supra.* We find substantial evidence to support the referee's finding of causation and, therefore affirm.

### ORDER

AND NOW, this 12th day of August, 1980, the order of the Workmen's Compensation Appeal Board, dated May 31, 1979, affirming the referee's order as modified is hereby affirmed and it is ordered that judgment be entered in favor of William Murrin and against Township of Upper Darby and General Accident Group as follows: compensation for total disability from January 23, 1977 to February 28, 1978 at the rate of $199.00 per week and medical expenses of $4,807.15 for Delaware County Hospital; $786.00 for Dr. Frederick A. Furia; and $64.63 for Pharmacist William T. Clark. Payment of compensation is suspended effective March 1, 1978. It is hereby further ordered that Claimant's counsel be awarded 20% of the Award as counsel fees and payment of said sum chargeable to Claimant's award shall be made to Thomas Hamilton, Esq.