Cambria County Commissioners and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Michael J. Bradley, Respondents.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Edward G. Kuyat, Jr., Kuyat & Walker,* for petitioners.

*W. Louis Coppersmith, Margolis & Coppersmith,* for respondent, Michael J. Bradley.

OPINION BY JUDGE ROGERS, March 11, 1981:

The Commissioners of Cambria County and the County's insurer have filed a Petition for Review of an order of the Workmen's Compensation Appeal Board modifying and, as modified, affirming a referee's decision reinstating Michael J. Bradley's workmen's compensation benefits for total disability. We affirm.

On May 13, 1975, Bradley suffered a herniated disc at the L-4, L-5 level while in the course of his employment as a security guard at the Cambria County Home and Hospital. Corrective surgery was performed in June 1975. Bradley was paid compensation for total disability under a Notice of Compensation Payable from May 23, 1975 until July 27, 1975, when Bradley returned to work. Bradley signed a final receipt on August 6, 1975.

On August 28, 1975, Bradley stumbled while walking. This incident did not take place in the course of his employment by the County. In May 1976, Bradley filed a petition to reinstate compensation, alleging that he suffered an aggravation of the injury of May 13, 1975 when he stumbled on August 28, 1975. The petitioners contested Bradley's application. At a referee's hearing Bradley testified and the deposition of his treating orthopedic surgeon was received in evidence. The petitioners adduced no evidence.

The referee found that as a result of the August 28, 1975 incident, Bradley suffered a recurrence of the injury of May 13, 1975 and ordered the reinstatement of benefits and the payment of medical costs and compensation for total disability for the periods of August 29, 1975, to and including January 2, 1976, and from October 16, 1976, to and including March 6, 1977.[1]

The petitioners appealed and the Board, which did not take additional evidence, concluded the record did not contain substantial evidence supporting the finding of a recurrence of Bradley's injury. However, the Board also concluded that Bradley's petition for reinstatement should have been treated as a petition to set aside the final receipt signed on August 6, 1975, and for this reason remanded the record to the referee

---

[1] The referee found that Bradley was able to and did work from January 3, 1976 until October 15, 1976 and that all disability ceased as of March 7, 1977. These findings are not disputed.

for him to consider Bradley's petition as an application to set aside the final receipt and for further hearings if the referee chose.

The referee, without conducting further hearings, issued a decision which was in all material respects like his first. He disregarded the Board's direction to treat Bradley's petition as a petition to set aside the final receipt. The petitioners again appealed. The Board decided itself to treat Bradley's petition as one to set aside the final receipt; concluded that it might be inferred from the referee's findings and the medical evidence that all disability had not ceased at the time Bradley signed the final receipt; set aside the final receipt and affirmed the referee's award of benefits.

The petitioners first contend that there is not substantial evidence of record to support the referee's finding that Bradley suffered a recurrence of his May 13, 1975 injury as a result of the incident of August 28, 1975, and that the evidence could support only a finding that Bradley suffered a new, non-work related injury on August 28, 1975. We disagree. Bradley testified that his back pain increased after his stumble on August 28, 1975. Dr. King stated that after the surgery it was possible for Bradley to have an instability or a recurrence of his back problem. Dr. King also stated that Bradley "had a recurrence of his back symptomology" after his August 28, 1975 stumble and that Bradley was thereafter totally disabled. This is substantial evidence supporting the contested finding of recurrence.

The petitioners next contend that the Board had no authority on its own motion to treat Bradley's petition as one to set aside the final receipt and that the Board erred in making a finding of fact that Bradley's disability had not ceased at the time of the execution of the final receipt. We agree. Under the original lan-

guage of Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001, the Board or the referee had the power to set aside a final receipt only upon a petition filed with the Board by a party. However, Section 3 of the Act of February 8, 1972, P.L. 25, amended Section 434 by stripping the Board of its power to set aside a final receipt and vesting that power solely in the referee. The Board had no authority to set aside the final receipt.

We also agree with the petitioners that the Board, by making a finding of fact that Bradley's disability had not ceased when he signed the final receipt, improperly invaded the province of the referee, who, where the Board does not take evidence, is the finder of the facts. *See, e.g., Freeman v. Consolidated Comstock Co.,* 13 Pa. Commonwealth Ct. 159, 161, 318 A.2d 388, 389 (1974).

We need not, however, reverse the Board's action upholding the referee's award of benefits, because the referee properly granted Bradley's petition to reinstate compensation. Section 413 of The Pennsylvania Workmen's Compensation Act, *as amended,* 77 P.S. §772, provides in part that "[a] referee may . . . reinstate . . . a notice of compensation payable . . . upon petition filed by either party with the department, upon proof that the disability of an injured employee has . . . recurred." It is not necessary for the injured employee first to move to set aside a final receipt before seeking reinstatement of compensation because, if reinstatement is warranted, the final receipt ceases to have any further significance.[2] *Rizzo v. Baldwin-*

---

[2] The distinction between a petition to set aside a final receipt and a petition for reinstatement of benefits must be kept in mind. In the former, the claimant is alleging, and has the burden of proving, *inter alia,* that his or her disability had not ceased at the time the final receipt was executed. In seeking reinstatement the claim-

*Lima-Hamilton Corp.*, 216 Pa. Superior Ct. 96, 259 A.2d 178 (1969) ; *Mouhat v. Board of Public Education of Pittsburgh*, 159 Pa. Superior Ct. 423, 48 A.2d 20 (1946).

The referee found as fact that Bradley's disability had recurred as a result of the August 28, 1975 incident. As we have previously discussed, there was substantial evidence in the record to support the referee's finding and therefore reinstatement was properly granted.

Order affirmed; an appropriate judgment order will be entered.

## Order

AND Now, this 11th day of March, 1981, the order of the Workmen's Compensation Appeal Board is affirmed insofar as it affirms the referee's award of workmen's compensation benefits to Michael J. Bradley. It is ordered that judgment be entered in favor of the claimant, Michael J. Bradley, and against the defendants, Cambria County Commissioners and Pennsylvania Manufacturers' Association Insurance Company, in the amount of $85.50 per week for the period from August 29, 1975, up to and including January 2, 1976, and from October 17, 1976, up to and including March 6, 1977, together with interest at the rate of ten percent per annum on all deferred payments from the date due to the date paid, all within the meaning and provisions of The Pennsylvania Workmen's Compensation Act. The defendants are further ordered to reimburse claimant for medical expenses in the

---

ant is alleging, and must prove, *inter alia*, that the disability had recurred. Compare Section 434 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §1001, with Section 413 of the Act, 77 P.S. §772. Thus, in a case such as this, involving a petition to reinstate, the final receipt continues to be operative until the date upon which it is proved that the disability recurred. For periods after the date of recurrence, the final receipt is of no effect.

amount of $214.50, in accordance with the decision of the referee. The defendants are further directed to pay claimant's counsel fees in the amount of $700.00, to be deducted by defendants from claimant's award and to be paid directly to claimant's counsel, W. Louis Coppersmith, Esquire.