Altemose Company (Sheraton), Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Penelope Fraipont, Respondents.

512

Argued April 6, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Charles W. Craven, Marshall, Dennehey, Warner, Coleman & Coggin,* for petitioner.

*Charles C. Hansford,* for respondent, Penelope Fraipont.

OPINION BY JUDGE PALLADINO, July 15, 1981:

Employer-Sheraton Hotel appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to set aside a final receipt executed by Employee-Claimant. We remand.

On August 16, 1974, while working for Employer as a "room service girl," Claimant suffered a dislocation of her left knee. Consequently, Claimant underwent knee surgery and began a rehabilitative program supervised by Employer's physician. During the post-operative recovery period Claimant was unable to work and received workmen's compensation benefits. Claimant returned to work at the Sheraton Hotel on November 4, 1974, and was assigned lighter duties. On November 19, 1974, Claimant signed a final receipt pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.[1] A change in the demands of Claimant's job, coupled with Claimant's knee impairment, forced Claimant to terminate her employment with the Sheraton Hotel on March 25, 1975.

---

[1] In pertinent part Section 434 states: "[A] referee . . . may . . . set aside a final receipt, upon petition filed with the department, . . . if it be shown that all disability due to the injury in fact had not terminated."

Claimant remained unemployed until October 7, 1975, when she became a secretary-receptionist for a chemical company. Claimant subsequently discovered that the prolonged periods of sitting attendant to her work, caused her leg to become stiff and sore, thereby making her job untenable. Thus, Claimant left the chemical company on April 1, 1976, and did not thereafter seek new employment.

Expressed as clearly and concisely as possible, Employer's two arguments in this appeal are that (1) Claimant's petition to set aside the final receipt should be denied because Claimant's disability had completely ended by the time Claimant executed the final receipt and, in the alternative, (2) if the final receipt is set aside, then the original compensation agreement should be modified because Claimant's disability has decreased.

"In an action to set aside a final receipt, the claimant must prove by clear and convincing evidence that all disability had not terminated when the final receipt was executed." *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 390, 424 A.2d 1015, 1018 (1981). "The legal conclusion of disability rests upon a finding of loss of earning power." *Patel v. Sauquoit Fibers Co.,* 56 Pa. Commonwealth Ct. 279, 281, 424 A.2d 621, 622 (1981). Because the instant Claimant prevailed before the compensation authorities, this Court's scope of review consists of "determining whether there has been an error of law or a lack of substantial evidence to support the referee's findings of fact." *Interstate United Corp.,* 56 Pa. Commonwealth Ct. at 390, 424 A.2d at 1018.

The record in this case contains extensive testimony from Claimant, the depositions of two orthopedic surgeons, and a detailed hospital report. Claim-

ant averred that despite returning to the Sheraton Hotel in early November, she continued rehabilitative therapy with Employer's physician for several months thereafter.   Moreover, Claimant asserted that after her injury she was unable to carry room service trays and was therefore assigned lighter duties which included management of the hotel delicatessen.   However, Claimant testified that a marked increase in delicatessen business necessitated prolonged periods of standing which caused Claimant's leg to swell and throb, thereby forcing her resignation.   Based upon this comprehensive testimony, the referee found that "the claimant terminated her employment with [Employer-Sheraton Hotel] as she had constant discomfort and no relief whatsoever with respect to the pain in her left leg."

Additionally, Claimant declared that she was later unable to maintain her job as secretary-receptionist for a chemical company because remaining sedentary made her knee immobile and sore.   The referee found that Claimant terminated her position as secretary-receptionist because "she was constantly sitting and her knee would lock, get stiff and cause great discomfort."

As part of his findings the referee also adopted the medical observations of the testifying orthopedic surgeons.   Using the language of Claimant's surgeon-witness, the referee characterized Claimant's condition as "post-operative . . . residual disability to the left knee joint of 40% permanent . . . caused by the injury to the claimant of August 16, 1974."[2] Quoting Employer's surgeon-witness, the referee determined that Claimant's recovery from the injury of August 16, 1974, was "not full or perfect" and that there

---

[2] Claimant's doctor also testified that Claimant would have great difficulty in returning to her duties as a room service girl.

were "limitations to the type of employment the claimant could perform."

Recognizing in workmen's compensation cases that the assessment of evidence is the exclusive province of the referee and that the party who prevailed below is entitled on appeal to the most favorable inferences to be drawn from the evidence, we hold that the referee's findings in the present case are supported by substantial evidence in the record. *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980). Claimant established by clear and convincing evidence that although she executed a final receipt, her physical impairment persisted and prevented her being gainfully employed. *Patel; Ferguson v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 394, 423 A.2d 63 (1980).

An automatic revival of the original compensation agreement between Claimant and Employer-Sheraton Hotel results from Claimant's having proven that the final receipt should be set aside. *Commissioners of Beaver County v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 438, 411 A.2d 290 (1980); *American Chain and Cable Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 574, 391 A.2d 50 (1978); *Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). To avoid payment under the original compensation agreement, Employer must show that the agreement requires modification because Claimant's disability has terminated or diminished. *Commissioners of Beaver County; Maciupa.* Since workmen's compensation cases define disability as loss of earning power,[3] Employer must prove a change in the extent of Claimant's disability by demonstrating the

---

[3] *Patel; Harbison-Walker v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 556, 397 A.2d 1284 (1979).

availability of remunerative employment for which Claimant is qualified. *Township of Upper Darby v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 438, 417 A.2d 1319 (1980); *Commissioners of Beaver County.*

Employer-Sheraton Hotel made its first and only offer to introduce evidence concerning the availability of suitable work nearly two years after this case commenced. At a hearing on July 20, 1978, Employer requested a continuance for the specific purpose of obtaining a vocational rehabilitation expert to evaluate the availability of work commensurate with Claimant's capabilities. To accommodate Employer the hearing was rescheduled for September 6, 1978, on which date Employer failed to produce an expert witness or show cause for failure to do so.

Therefore, the sole testimony in the record regarding the existence or nonexistence of appropriate employment was that adduced by Claimant to prove her inability to lift heavy objects (hotel room service girl), stand for protracted periods (hotel delicatessen manager), or sit for a prolonged time (chemical company receptionist). Based upon the evidence before him, the referee awarded benefits to Claimant for the interval from March 26, 1975, to October 6, 1975, during which Claimant was "between jobs" and for the period from "April 2, 1976 to an indefinite time in the future" coextensive with Claimant's unemployability.

Where the party with the burden of proof (Employer, here) has not prevailed before the workmen's compensation authorities, this Court must determine on appeal whether there has been a capricious disregard of competent evidence. *Elkview Country Club v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 322, 403 A.2d 644 (1979). In the instant case we cannot hold that the referee disre-

garded competent evidence simply because in the absence of any evidence from Employer, the referee chose to accept evidence offered by Claimant on the crucial issue of job availability.

Furthermore, we hold that the referee did not err in refusing to grant Employer an additional continuance for the purpose of obtaining a vocational expert. The record reveals that hearings in the present case were continued on three occasions upon the mutual request of Employer and Claimant and on four occasions upon the unilateral request of Employer. Employer's fourth unilaterally requested continuance was expressly granted to allow Employer to secure a vocational rehabilitation witness. Employer's subsequent failure to produce testimony concerning available employment did not result from a lack of opportunity to introduce such evidence. *See Maciupa.*

There remains for the Court's consideration one final issue which the parties did not raise but which this Court cannot ignore. The referee's legal conclusion in the present case does not comport with the requirement of Section 434 of the Act, as enunciated in *Cambria County Commissioners v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981).

In *Cambria County Commissioners* Judge ROGERS contrasted Sections 434 (petition to set aside final receipt) and 413[4] (petition to reinstate compensation) of the Act and clearly delineated the different standards applicable to each section. Although Section 434 requires that a claimant prove that his *disability*

---

[4] 77 P.S. §772 which in pertinent part states: "A referee . . . may . . . reinstate . . . a notice of compensation payable, . . . upon petition filed . . . with the department, upon proof that the disability . . . has increased, decreased, recurred, or has temporarily or finally ceased. . . ."

*had not terminated at the time the final receipt was executed,* Section 413 mandates that a claimant show that his *disability had recurred.* Thus, in seeking to set aside a final receipt, a claimant must establish not that his disability *reoccurred after* the final receipt was signed, but rather, that his disability *existed when* the final receipt was signed.

In the present case the referee's findings indicated that Claimant's disability persisted at the time Claimant executed the final receipt and that Claimant was therefore entitled to have the final receipt set aside. However, the referee's stated legal reason for setting aside the final receipt was that "claimant's disability *reoccurred* for [specified] periods. ..." (Emphasis added.)

Adhering to this Court's rationale in *Cambria County Commissioners,* we conclude that since the Act empowers the referee alone to set aside a final receipt,[5] this case must be remanded to the referee for a restatement of his legal conclusion in accordance with Section 434 of the Act, as construed in *Cambria County Commissioners.*

Accordingly, we will enter the following

ORDER

AND NOW, July 15, 1981, this case, Docket No. A-77121, is remanded to the referee for a restatement of his legal conclusion consistent with Section 434 of the Workmen's Compensation Act and this Court's decision in *Cambria County Commissioners v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981).

---

[5] "Section 3 of the Act of February 8, 1972, P.L. 25, amended Section 434 by stripping the Board of its power to set aside a final receipt and vesting that power solely in the referee." *Cambria County Commissioners,* 57 Pa. Commonwealth Ct. at 413, 426 A.2d at 252.