Abraham J. Bachman, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Caterpillar Tractor Co. et al.), Respondents.

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*John P. Hohenadel, Nikolaus, Hohenadel & Greiner,* for petitioner.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber,* for respondent, Caterpillar Tractor Co. et al.

OPINION BY JUDGE DOYLE, November 15, 1982:

This is an appeal by Abraham J. Bachman, Jr. (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of Claimant's petition. We affirm.

Claimant was employed by Caterpillar Tractor Company from 1973 until April of 1976 as a laborer. He alleges that he suffered a work-related injury to his shoulder in or about March of 1975, and gave notice of the injury to his foreman within one week of the accident. At a hearing before a referee, testimony was received on the issue of notice from the Claimant and Claimant's foreman. The referee found that the Claimant had failed to establish notice as required under Sections 311-13 of the Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631-33.

On appeal, the Board remanded and at the remand hearing, testimony from a corroborative witness for the Claimant was presented. The referee again dismissed the petition finding that the Claimant had failed to establish proper notice and finding also that Claimant had failed to prove a causal relationship between the disability and employment. The referee specifically resolved the conflicting testimony on the issue of notice in favor of the employer. On appeal, the Board affirmed.

The scope of our review in these cases is well settled. Where the party with the burden of proof did not prevail below, our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without capricious disregard of competent evidence. *Brayo v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 234, 435 A.2d 1346 (1982); *Grimm v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 582, 434 A.2d 879 (1981); *Jasper v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 208, 427 A.2d 740 (1981). Capricious disregard of competent evidence is the willful and deliberate disregard of competent testimony and relevant evidence which a person of ordinary intelligence could not possibly have avoided in reaching the result. *Elkview Country Club v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 322, 403 A.2d 644 (1979); *Robert Transue v. Falk's Food Basket of Philadelphia,* 27 Pa. Commonwealth Ct. 156, 365 A.2d 894 (1976); *Periodical Press v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 340, 331 A.2d 605 (1975).

It is also well settled that questions concerning the credibility of witnesses, the resolution of conflicts in the testimony, and the weight to be given the evidence

is for the referee and not this Court. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981), *Shenango Steel Corp. v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 3, 405 A.2d 1086 (1979). In the case before us, Claimant testified that about a week after the incident his foreman asked him if he was having trouble with his arm and claimant told the foreman he thought he had thrown something "out of whack" lifting steel plates. A co-worker's testimony told a similar story. The foreman testified that Claimant had told him that his arm hurt but had not indicated how the injury occurred. The referee found the testimony of the foreman more credible than that of the Claimant and his corroborative witness. The referee may accept or reject the testimony of any witness in whole or in part. *Republic Steel Corporation v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981); *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

A careful review of the record reveals no inconsistencies among the referee's findings of fact and no inconsistency between the findings of fact and conclusions of law. Insofar as there was conflicting testimony on the issue of notice which the referee resolved in favor of the employer and our case law clearly grants a referee this discretion, we cannot say that he capriciously disregarded competent evidence in making his determination.

Because we affirm that the Claimant's petition was properly dismissed for failure to give adequate notice according to statute, we need not address the finding of the referee that Claimant also failed to establish a causal relationship between the disability and his employment.

## Order

Now, November 15, 1982, the order of the Pennsylvania Workmen's Compensation Appeal Board, at Decision No. A-80693, dated April 29, 1981, is hereby affirmed.