Pittsburgh Press Company and Vigilant Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Charles Pecora, Jr.), Respondents.

Argued March 12, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Raymond F. Keisling, Will and Keisling,* for petitioners.

*Edward H. Walter, Jubelirer, Pass & Intrieri, P.C.,* for respondents.

OPINION BY JUDGE BARBIERI, May 25, 1984:

Pittsburgh Press Company, employer, and its insurer, Vigilant Insurance Company (Petitioners), seek review here of an order of the Workmen's Compensation Appeal Board affirming a referee's decision reinstating workmen's compensation benefits to Charles Pecora, Jr., for total disability. We affirm.

Principally, on this appeal, Petitioners assert that the referee and the Board erred by approving the reinstatement of benefits on the basis of a recurrence of disability where the petition filed by the Claimant was a Petition to Set Aside Final Receipt; that as a proceeding to set aside the final receipt, there was insufficient proof that disability had not ceased at the time the final receipt was signed; and that, therefore, the final receipt remains as a bar to the relief sought by Claimant. In so urging, Petitioners seem unaware that the relief sought in the petition is for a recurrence and not for error as to disability at the time the receipt was signed.[1] The prayer of the petition reads:

---

[1] Although the claimant presented here and before the Board a contention that compensable disability existed at the time the final receipt was signed, we agree with the Board's statement, as follows:

We would note the Claimant also maintains the Referee should be affirmed on the basis there was evidence all dis-

"on or about July 31, 1978, the original injury reoccurred and I have been unable to work since that time." The referee, in turn, made the following finding of fact:

> 11. Your Referee finds as a fact, after having reviewed the Claimant's testimony and the conflicting medical evidence of record, that Claimant had a recurrence of disability resulting from the injuries originally sustained at work on March 23, 1976, and that Claimant has been totally disabled from July 31, 1978, and is presently totally disabled, and your Referee chooses to accept the medical opinion of causation and disability expressed by Dr. ElAttrache, as fact.

The referee accordingly concluded that the prayer of the petition, albeit misnamed, should be granted.

The prayer granted, of course, was for reinstatement based on a recurrence under Section 413 of the Pennsylvania Workmen's Compensation Act (Act).[2] Petitioner's characterization of this as error is misconceived. It was the referee's prerogative and duty to rule as he did, given his finding of recurred disability. It has long been the rule in workmen's compensation cases that the form of the petition filed is not controlling where the facts warrant relief, and that if a claimant is entitled to relief under any section of the Act, his petition will be considered as filed under that section. *Cambria County Commissioners v. Workmen's Compensation Appeal Board (Bradley),* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981);

---

> ability had not in fact terminated on the date the Final Receipt was signed. This may well be true, however the Referee made no finding on this point and for either this Board or the Commonwealth Court to affirm on this basis would require that we make a Finding of Fact which we are not permitted to do.

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

*Woodard v. Workmen's Compensation Appeal Board (Koppers Co.),* 49 Pa. Commonwealth Ct. 558, 411 A.2d 890 (1980); *Schneider v. Sears, Roebuck & Co.,* 206 Pa. Superior Ct. 282, 213 A.2d 83 (1965); *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 132 A.2d 880 (1957); *Harrison v. Alden Park Manor Apartments,* 160 Pa. Superior Ct. 388, 51 A.2d 418 (1947).

Accordingly, we will affirm.

### Order

Now, May 25, 1984, the order of the Workmen's Compensation Appeal Board at No. A-81624 dated April 29, 1982, is affirmed.