National Mines Corporation and Old Republic Companies, Petitioners *v.* Workmen's Compensation Appeal Board (Geisel), Respondents.

Submitted on briefs March 14, 1985, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Paul E. Sutter, Hirsch, Weise & Tillman,* for petitioners.

*Penny P. Spiewak,* with her, *B. Kirk Holman,* for respondent, James Geisel.

OPINION BY JUDGE PALLADINO, July 29, 1985:

National Mines Corporation and its insurance carrier Old Republic Companies (Petitioners) have ap-

pealed an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to set aside a final receipt and grant an award of compensation benefits to James Geisel (Claimant).

The referee found that Claimant sustained a work related injury to his lower back on October 28, 1977. Claimant received compensation benefits for this injury until he returned to work on April 7, 1980. Claimant subsequently signed a final receipt on April 14, 1980. As a result of an incident at work on January 30, 1981, Claimant's disability recurred. Although the referee in his findings fails to identify the incident which resulted in the recurrence of Claimant's disability, our review of the record indicates that Claimant was "jostled" while operating a motor. The referee found that as a result of this incident, Claimant became totally disabled as of January 30, 1981.

Claimant originally filed a claim petition which, at the hearing before the referee, was amended to a petition to set aside a final receipt. Based on the above facts, the referee granted the petition to set aside the final receipt and reinstated compensation benefits as of January 30, 1981. Petitioners then appealed to the Board which affirmed the referee's decision.

Before this Court Petitioners contend: (1) that Claimant failed to meet his burden of proving that his disability had not in fact terminated when the final receipt was executed; and (2) that the referee's finding that Claimant's disability had recurred on January 30, 1981 is not supported by substantial evidence.

In a workmen's compensation case where, as here, the party with the burden of proof prevails before the referee and the Board takes no additional evidence, this Court's scope of review is limited to a determination of whether any constitutional rights were violated or an error of law was committed, or

whether a necessary finding of fact was unsupported by substantial evidence. *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).

In order to set aside a final receipt under Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[1] Claimant must show by sufficient credible competent evidence that all disability attributable to the October 28, 1977 injury had not terminated when he signed the final receipt on April 14, 1980. *See Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.),* 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984). Here, the referee failed to make a finding regarding whether Claimant was still disabled when he signed the final receipt on April 14, 1980. The referee found only that Claimant's disability recurred on January 30, 1981, and that as a result of this recurrence Claimant is totally disabled. Based on this finding, the referee concluded that Claimant was entitled to a reinstatement of compensation benefits.

There appears to have been some confusion on the part of the parties and the referee regarding whether this case involves only the setting aside of a final receipt, or whether it also involves a claimant's modification petition under Section 413 of the Act, 77 P.S. §772, seeking a restoration of compensation for a recurrence of disability. Close scrutiny of the claim petition permits characterizing it as a modification petition under Section 413 inasmuch as Claimant refers to the October 28, 1977 injury to his lower back and states that he had received compensation benefits on "this injury which reoccurred on January 30, 1981." However, because in this case a final receipt had been executed, Claimant's counsel, at the referee's

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

suggestion, amended the petition to one seeking to set aside the final receipt. Claimant's medical expert then testified at the hearing that Claimant had never recovered sufficiently from the October 28, 1977 injury to return to work. The referee contributed to the confusion first by concluding that the final receipt should be set aside without finding that Claimant's disability had not terminated when the final receipt was executed; and then by reinstating compensation based on a finding that Claimant's disability had recurred.

Despite this confusion, we conclude that the Board's upholding of the referee's reinstatement of compensation based on a recurrence of disability should be affirmed. The referee found as fact that Claimant's disability has recurred as a result of the January 30, 1981 incident. Claimant testified that after the "jostling" incident, he felt a sharp pain down his back which he continues to experience. Claimant's physician testified that as a result of the January 30, 1981 incident Claimant suffers from a herniated disc and is totally disabled and that his current injury is "from" October 28, 1977 as he never fully recovered from that injury. This is substantial evidence supporting the finding of recurrence.

Although Claimant amended his claim petition to set aside the final receipt rather than to reinstate compensation based on a recurrence of disability, we note than in workmen's compensation cases, the form of the petition filed is not controlling where the facts warrant relief, and if a claimant is entitled to relief under any section of the Act, his petition will be considered as filed under that Section. *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984). Here, the findings clearly support the referee's reinstatement of benefits for total disability

based on a recurrence. Moreover, the fact that there exists a final receipt executed by the parties does not preclude such an award since once it is determined that reinstatement is warranted, the final receipt is no longer operative, thus the claimant need not first move to set it aside.[2] *Cambria County Commissioners v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981).

Accordingly, the order of the Board is affirmed.

### Order

And Now, July 29, 1985, the order of the Workmen's Compensation Appeal Board, No. A-84364, in the above-captioned matter is affirmed.

---

[2] In *Cambria County Commissioners,* the Court contrasted Sections 434 (petition to set aside final receipt) and 413 (petition to reinstate compensation) noting that Section 434 requires that a claimant prove that his disability had not terminated at the time the final receipt was executed, while Section 413 requires that a claimant show that his disability recurred. Here, the referee found and the record substantiates that Claimant's disability had recurred. Thus, "for periods after the date of recurrence, the final receipt is of no effect." *Id.* at 414, n. 2, 426 A.2d at 252, n. 2.